UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

SCOTT WEITZEL,

                       Plaintiff-Appellant,

<u>ORDER</u>

10-CV-6330L

     v.

ROBERT C. SINCLAIR, JR. AND
ANNA B. SINCLAIR,

                       Defendants-Appellees.
_____

SCOTT WEITZEL,

                       Plaintiff-Appellant,

10-CV-6331L

     v.

ROBERT C. SINCLAIR, JR. AND
ANNA B. SINCLAIR,

                       Defendants-Appellees.
_____

       Defendants-appellees, Robert C. SinClair, Jr. and Ann B. SinClair, have filed statements designating additional items to be included in the record on appeal in these bankruptcy appeals. 10-CV-6330 (Dkt. #6), 10-CV-6331 (Dkt. #6).

       Appellant is hereby directed to file his response to appellees' designation of additional items for the record on appeal no later than April 22, 2011. In his response, appellant should address both the propriety of including the additional items designated by appellees, and whether this Court or

the bankruptcy court should resolve any disputes over those matters in the first instance. *Cf. In re Enron Corp.*, Civ. Nos. 06-7828, 07-1957, 2007 U.S. Dist. LEXIS 63129, at *58 (S.D.N.Y. Aug. 27, 2007) (stating that "it is appropriate for the Bankruptcy Court to address [the appellate record] in the first instance") (citation omitted); *In re National Century Financial Enterprises, Inc.*, 334 B.R. 907, 912 (Bkrtcy. S.D.Ohio, December 22, 2005) (agreeing with the majority of federal courts that have addressed the issue that the "bankruptcy court should determine in the first instance whether a disputed item in a designation of record on appeal played any part in its deliberations") (quoting *Metro N. St. Bank v. The Barrick Group, Inc.*, 100 B.R. 152, 154 (Bankr. D.Conn. 1989)), *with In re Chateaugay Corp.*, 64 B.R. 990, 995 (S.D.N.Y. 1986) ("There does not appear to be any real dispute about which items were considered by the Bankruptcy Judge in issuing the Order [appealed from]. Accordingly, none of the parties challenge this Court's jurisdiction to resolve the dispute over which items are properly included in the record on appeal").

## CONCLUSION

Plaintiff-appellant, Robert Weitzel, is hereby ordered to file his response to defendant-appellees' designation of additional items to be included in the record on appeal no later than April 22, 2011.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
April 7, 2011.